# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | No.  08-05007-01-CR-SW-RED |
| CHARLES MAX FOSTER, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

The defendant has filed a Motion to Dismiss the Indictment in this case.  The indictment charges him with Failure to Register and Failure to Update a Registration under the Sex Offender and Registration and Notification Act (SORNA).  The defendant asserts six grounds in support of his motion.

> 1) That the Act is not applicable to him because to him because Missouri has yet to implement SORNA;
>
> 2) The defendant has no duty to register because the government failed to give him notice as required by the statute and the due process clause;
>
> 3) Congress improperly delegated its legislative function of determining the retroactivity of SORNA to the Attorney General;
>
> 4) The Attorney General's regulation, 28 C.F.R. § 72.3 violates the Administrative Procedures Act;
>
> 5) Title 18 U.S.C., § 2250(a)(2)(B) violates the Ex Post Facto Clause and the Commerce Clause; and
>
> 6) SORNA violates the Tenth Amendment to the United States Constitution.

The United States has filed a response and the defendant has replied.  In his reply, the defendant correctly notes that on July 31, 2008, the Eighth Circuit issued its opinion in *United States v.*

*May*, 535 F.3d 912 (8th Cir. 2008). That decision adversely resolves almost all of the basis for dismissal by defendant in his motion. In view of that, only a brief discussion will follow:

The guidelines and requirements specified in 28 C.F.R. § 72.3 establish that SORNA applies to all sex offenders. There is no requirement that other jurisdictions, in this instance, the State of Missouri, fully implement the provisions. In addition, specific notification is not required and, in the case at bar, the documents the defendant received in the State of Arkansas are sufficient to establish his knowledge of state obligations. That knowledge is sufficient under the Due Process Clause. The statute involved does not violate Ex Post Facto prohibitions. See *Smith v. Doe* 538 U.S. 84, 92-106 (2003). The Commerce Clause is likewise not offended in that Congress has the power to "protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *United States v. Mason* 2008 WL 1882255 MD FL (2008).

Congress did not improperly delegate its legislative function to the Attorney General. See *Mistretta v. United States* 488 U.S. 361 (1989). The Attorney General had good cause for suspending the 30-day waiting period of the Administrative Procedures Act for the implementation of its regulations. 28 C.F. R. § 72.3.

Finally, the defendant does not have standing to assert his Tenth Amendment challenge. However, even assuming standing, SONRA expressly disavows any state mandate. 42 U.S.C. § 16925(d). In addition, all states had registration systems prior to its enactment. For the reasons stated above, and most specifically, under reliance of *United States v. May*, it is

RECOMMENDED that the Motion to Dismiss be denied.

                 /s/ James C. England
                JAMES C. ENGLAND, Chief
               United States Magistrate Judge

Date: November 10, 2008